IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAMIE COLLETE,<br><br>Plaintiff,<br><br>vs.<br><br>SSG SUB, nka SAVISTA LLC, KRIS KNIGHT, LYNNALDERTON, ANDREA McCURDY, JOHN DOES 1-50, STATE OF MONTANA and ATTORNEY GENERAL AUSTIN KNUDSEN,<br><br>Defendants. | CV-26-265-GF-JTJ<br><br>ORDER |

## I. INTRODUCTION

On April 27, 2026, Plaintiff Jamie Collette (Collette) filed a Complaint in Montana's Eighth Judicial District Court against SSG Sub, n/k/a Savista LLC, Kris Knight, Lynn Alderton, Andrea McCurdy, John Does 1-50, State of Montana, and Attorney General Austin Knudsen, alleging claims for Count I: Wrongful Discharge; Count II: Infliction of Emotional Distress; Count III: Fraud and Negligent Misrepresentation; and Count IV: Declaratory Judgment. (Docs. 1-2 and 18, ¶¶ 56-88). Defendant SSG Sub n/k/a Savista LLC notes that its correct name is Savista, LLC (Savista). (Doc. 12-1 p. 2).

On May 29, 2026, Savista filed a Notice of Removal. (Doc. 1). On July 24, 2026,

Savista filed a Motion to Dismiss and Stay Surviving Claims. (Doc. 12).

Savista contends Counts II-IV should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 12, p. 2). Savista further contends that Collette's wrongful termination claim (Count I) should be stayed until resolution of Collete's pending Montana Human Rights Act (MHRA) proceeding. (Id.). Savista filed briefs in support of its motion. (Docs. 12-1 and 20). Collette opposes the motion. (Doc. 16).

Collette has filed a Motion to Remand and briefs in support. (Docs. 14, 15, and 21). Savista opposes the Motion (Doc. 19).

Savista has also filed a Motion to Drop the State of Montana and Attorney General Austin Knudsen as Parties Pursuant to Federal Rule of Civil Procedure 21 and briefs in support. (Docs. 22, 23 and 26). Collete also opposes this motion. (Doc. 25).

## II. LEGAL STANDARDS

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper under Rule 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). To withstand a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). At the motion to dismiss stage, the Court "take[s] all well-pleaded factual allegations in the complaint as true,

construing them in the light most favorable to the nonmoving party." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018). However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *National Association for the Advancement of Psychoanalysis v. California Board of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). Additionally, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

On a motion to dismiss, a court may consider "documents [that] have been incorporated into the complaint by reference or are matters of which a court may take judicial notice." *Orellana v. Mayorkas*, 6 F.4th 1034, 1042-43 (9th Cir. 2021). A court may assume an incorporated document's contents are true for purposes a motion to dismiss under Rule 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). When jurisdiction is based upon diversity of citizenship, the court applies the substantive law of the forum state. *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 1002 (9th Cir. 2009).

**B. Motion to Remand**

28 U.S.C. § 1332(a) grants federal courts with original jurisdiction in "all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." Federal courts are courts of limited jurisdiction. *Kokkoven v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377

(1994). If a court determines at any time that it lacks subject matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

**C. Motion to Drop the State of Montana and Attorney General Austin Knudson as Parties Pursuant to Federal Rule of Civil Procedure 21**

Fed. R. Civ. P. 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the Court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party.

## III. DISCUSSION

### A. Motion to Dismiss

#### 1. Count II -Parties' Positions

Count II asserts an intentional infliction of emotional distress claim, unrelated to her termination from employment, based on allegations that Savista engaged in "a year long period of intentional harassment and torment directed at Jamie that caused her serious and severe emotional distress." (Doc. 12-1, referencing ⁋67 of Collette's Complaint). Savista contends that Collette may also be asserting an intentional infliction of emotional distress claim for Savista's false representations during a proceeding before the Office of Administrative Hearings (OAH) for the Montana Department of Labor (MDOL). (Id., p. 5 referencing ⁋ 52 of Collette's Complaint).

Savista argues that Count II should be dismissed because Collette's allegations do not plausibly show serious or severe emotional distress, which is required to sustain an intentional infliction of emotional distress claim. (Id., pp 9-10, citing *Christiaens v.*

*CoreCivic of Tenn*, CV-22-111-GF-BMM, slip op. at *6 (D. Mont. Apr. 24, 2024)). Workplace conduct causing discomfort, fear of job loss, anxiety, or embarrassment do not show the type of "serious or severe" emotional distress required for intentional infliction of emotional distress and do not transform everyday distress into actionable emotional distress. *Id*. Savista contends that Collette's allegations that she was subjected to "intentional harassing and torment" over the course of a year are conclusory and vague and do not allege any specific actionable conduct entitling her to relief for intentional infliction of emotional distress. (Doc. 12-1, p. 10).

Savista further argues to the extent Collette's intentional infliction of emotional distress claim is based upon Savista's conduct at the OAH proceeding, her allegations that she sustained physical sickness and physical injury due to Savista's false representations and loss of unemployment benefits are unspecified, vague and conclusory. (Id.). Also, to the extent that Collette's intentional infliction of emotional distress is premised on the same alleged disability discrimination, accommodation, retaliation or termination related conduct set forth in her pending MHRA charge, (See Doc. 12-1, Exhibit 3) this claim is barred by the MHRA exclusive remedy provision. (Id., citing *Edwards v. Cascade County Sheriff's Department*, 223 P.3d 893 (Mont. 2009).

Collette argues that she has sufficiently made a plausible claim for intentional infliction of emotional distress. (Doc. 16, pp. 5-8, citing *Sacco v. High Country Independent Press, Inc.*, 896 P.2d 411, 426-429 (1995); *Brodock v. Nevro Corp.* 2021 WL 1341889, *5, *6 (D. Mont. Feb 1, 202); and *Correa-Greer v. Sweetwater OPCO, LLC*,

2026 WL 2149735, *9 (D. Mont. July 27, 2026)). Collette argues that her allegations of an entire year of incessant harassment that manifested in physical harm – physical sickness and physical injury - together with having to incur attorney fees due Savista's false representations to the OHA and loss of unemployment benefits, more than adequately support her claim. (Id., pp. 7-8). Collette further argues at the motion to dismiss stage, her allegations must be taken as true. (Id.).

Collette also maintains that since her Complaint does not allege a discriminatory motive, her intentional infliction of emotional distress claim in this case can exist independent of her Human Rights case. (Id., pp. 8-9 citing *Brumer v. Yellowstone County*, 900 P.2d 901, 905 (Mont 1995); *Fayant v. ALK-Abello, Inc.*, 2025 WL 2645772, *7 (D. Mont. Sept. 15, 2025)). Collette concedes that if she is awarded damages in the HRC proceeding, she cannot double recover on the same allegations in this case. (Id,. p. 10). However, she maintains that her allegations in this case exceed those in her HRC complaint. (Id).

Savista supplemented its initial arguments by asserting that the portion of Collette's intentional infliction of emotional distress claim related to the proceedings before the OHA, is barred by Mont. Code Ann. § 27-1-804(2). This statute confers a privilege on publications made "in any legislative or judicial proceeding or any other official proceeding authorized by law." (Doc. 20, p. 2). The privilege "covers both malicious critical expressions and non-malicious critical expressions. (Id., p. 3, citing *Ray v. Connell* 371 P. 3d 391 (Mont. 2016)).

Savista contends that proceedings before the Unemployment Insurance Appeals Board, a "quasi-judicial board" by statute, qualify as official proceedings subject to this privilege. (Id.). This privilege was applied by the court in *Daniels v. YRC,* Inc., 2013, WL 449300 at *3, n. 1 (D. Mont. Feb. 5, 2013), where the court determined that "statements made in official proceedings authorized by law are privileged and do not give rise to defamation claims, including communications to UI investigators, claims adjustors and hearing officers." (Id.) Therefore, because this aspect of Collette's intentional infliction of emotional distress claim amounts to a defamation allegation, she cannot use the statements given during the OAH proceeding to support this portion of her intentional infliction of emotional distress claim. (Id.).

**2. Court's Analysis - Count II**

Collette's intentional infliction of emotional distress claim appears to have two components: (1) allegations that Savista engaged in "a year long period of intentional harassment and torment" that caused her physical sickness and physical injury (¶ 67 of Complaint) and (2) allegations related to Savista's conduct at the OAH proceeding (¶ 52 of Complaint).

Regarding the latter, Mont. Code Ann. § 27-1-804(2) confers a privilege on the statements made in judicial proceedings. *Spreadbury v. Bitterroot Pub. Library*, 2011 WL 4499030 (D. Mont. Sept. 27, 2011) Collette alleges Savista's employee, Defendant McCurdy made statements before the OAH, a quasi-judicial board, that caused her severe emotional distress. Collette's allegations, although not labeled as a defamation claim,

amount to an allegation of defamation under a different name. "Montana's judicial proceedings privilege would not be absolute if plaintiffs could simply call an allegation that is essentially a defamation claim a different name and be allowed to plead it." *Spreadbury* at * 2.

The privilege set forth in Mont. Code Ann. § 27-1-804(2) prevents any statements made at the unemployment hearing to be used to support this portion of Collette's intentional infliction of emotional distress claim. If this is the only evidence Collette has to support this aspect of her intentional infliction of emotional distress claim, it may be subject to dismissal at a later stage of the proceedings. At the motion to dismiss stage, the Court must accept all of Collette's allegations as true, including her allegation that she suffered severe emotional distress due to the loss of her unemployment compensation benefits. Proof of this contention may not be solely dependent on McCurdy's statements.

Regarding the allegations outside the OAH proceeding, the Court determines that Collette has alleged sufficient facts to make a plausible claim for relief. *Sacco v. High Country Independent Press, Inc.*, 896 P.2d 411, 426-429 (1995); *Brodock v. Nevro Corp*. 2021 WL 1341889, *5, *6 (D. Mont. Feb 1, 2021); and *Correa-Greer v. Sweetwater OPCO, LLC*, 2026 WL 2149735, *9 (D. Mont. July 27, 2026). The Court notes that the authority relied upon by Savista, *Christiaens v. CoreCivic of Tenn*, CV-22-111-GF-BMM, slip op. at *6 (D. Mont. Apr. 24, 2024), was dismissed at the summary judgment stage. Following discovery, Savista may file a motion for summary judgment if it still believes Collette has failed to produce sufficient evidence to meet the serious or severe emotional

distress standard to support this claim. Further, since Collette agrees that the outcome of the HRC proceeding will impact or determine if she is entitled to damages in this matter, should Collette prevail on her HRC claims, a summary judgment motion by Savista could request Collette's intentional infliction of emotional distress claim be dismissed on that basis as well.

**3. Count III – Parties' Positions**

In Count III, Collette's fraud and negligent misrepresentation claims, she alleges that Savista defrauded the OAH through the conduct of Savista's employee - McCurdy. Collette alleges McCurdy provided false representations regarding the reasons Collette's employment was terminated, which the OAH relied on when it denied her request for unemployment benefits. (Doc. 12-1, referencing Doc. 1-2 ⁋⁋ 28-50 and Doc. 1-2, ¶¶ 73-78).

Savista argues that this claim fails as a matter of law as fraud and negligent misrepresentation both require the hearer's justifiable reliance. (Doc. 12-1, p. 11). Savista contends that as such, even if false representations were made at the unemployment hearing, since Collette did not appear at this hearing, she did not act in reliance on those statements. Therefore, her alleged damages were not caused by her own justifiable reliance but were caused by the agency's intervening adjudicative decision. (Id., citing *Morrow v. Bank of Am, N.A*, 424 P.3d 1167 (Mont. 2014) and *Western Sec. Bank v. Eide Baille LLP*, 249 P.3d 35 (Mont. 2010).

Collette argues that because she suffered damages by losing her only source of

income when her unemployment benefits were lost due to Savista's fraudulent representations and testimony, her fraud/negligent misrepresentation claim should survive. (Doc. 16, p. 11). Collette relies upon *Dalbotten v. CR. Bard, Inc*., 2023 WL 157735, *7 (D. Mont. 2023) where the court allowed common law fraud claims in cases where damages occur to the plaintiff as a result of the defendant's fraud upon a third-party. (Id.). In *Dalbotten*, the plaintiff alleged the manufacturer of a medical devise defrauded her medical provider, the medical provider relied upon the manufacturer's fraud, and she sustained damages as a result. (Id.).

Savista supplemented its initial arguments contending that for the same reasons set forth above regarding Count II, this claim is barred based on the privilege conferred by Mont. Code Ann. § 27-1-804(2). (Doc. 20, p. 2-5). Savista further contends that Mont. Code Ann. § 39-51-110 provides that "[a] finding of fact or law, judgment, conclusion, or final order made with respect to determination made under this chapter (Unemployment Insurance) may not be conclusive or binding or used as evidence in any separate or subsequent action or proceeding in another forum." (Id. p. 6). Taking these two statutes together establish that Collette's negligent misrepresentation/fraud claim fails as a matter of law. (Id. p. 7).

**4. Court's analysis - Count III**

Savista's arguments support dismissal of this claim. Collette's allegations of negligent misrepresentation/fraud are based upon Defendant McCurdy's representations at the unemployment hearing, which Collette did not attend. Collette, therefore, cannot prove

that the alleged false representations were made with the intent to induce Collette to rely upon them or that she acted in reliance upon them. *Haskett v. Am. Home Centers, LLC,* 636 F. Supp. 3d 1197 (D. Mont. 2022). Collette's reliance upon *Dalbotten v. CR. Bard, Inc.*, 2023 WL 157735, *7 (D. Mont. 2023), lacks merit. Although *Dalbotten* allowed such a claim where the defendant defrauded a third-party causing the plaintiff injury, in this case, Collette could have appeared at the hearing to counter the alleged misrepresentations by Savista. As argued by Savista, the injury caused to Collette therefore was based upon "a government tribunal evaluating competing evidence form adverse parties", which does not eliminate the reliance requirement. (Doc. 20, p. 6).

Savista's subsequent argument that this tort claim fails as a matter of law because it is barred based on Mont. Code Ann. § 27-1-804(2) is also persuasive. Collette's allegations, although not labeled as a defamation claim, amount to an allegation of defamation under a different name. *Spreadbury*, 2011WL 4499030, at * 2. The recent decision in *Correa-Greer v. Sweetwater Butte OPCO, LLC*, 2026 WL 2149735 at *8 (D. Mont. July 27, 2026), holding a "negligent misrepresentation claim based on alleged misrepresentations made in connection with judicial proceeding is barred by the litigation privilege and the holding in *Daniels v. YRC, Inc.*, 2013 WL 449300 at *3, set forth above, further supports dismissal of Collette's negligent misrepresentation/fraud claim. Finally, Mont. Code Ann. § 39-51-110 precludes Collette from using the unemployment proceedings findings of fact or law, judgment, conclusion, or final order as evidence in this proceeding.

**5. Count IV - Parties' Positions**

Count IV requests the Court declare Mont. Code Ann. § 39-2-905(2) unconstitutional. (Doc. 1-2, ¶¶ 79-88). This statute requires courts to deduct the amount of unemployment compensation or benefits from the amount awarded for lost wages in a wrongful discharge. Collette contends the use of unemployment tax benefits to indemnify employers for their own wrongful conduct is unconstitutional on its face and as applied to Collette's claim. (Id., ¶¶ 85).

Savista contends this claim does not present a justiciable controversy and should be dismissed because it is not ripe. (Doc 12-1, p. 12). Any actual attempt by Savista to apply the statutory offset for unemployment benefits per Mont. Code Ann. § 39-2-305 is not ripe unless and until Collette establishes liability on her WDEA claim and recovers damages. (Id., citing *City of Missoula v. Fox*, 450 P.3d 898 (Mont 2019).

Collette contends that a facial challenge to a statute is ripe if it does not depend on the development of a factual record and that the statute at issue is unconstitutional in all of its applications. (Doc. 16, p. 13, citing *Advocates for School Trust Lands v. State*, 404 P.3d 825 (Mont 2022). Ripeness requires two components: (1) a constitutional component requiring a concrete and definite issue as opposed to a hypothetical or abstract issue; and (2) a prudential component weighing the fitness of the issues for judicial decision and hardship to the parties of withholding consideration. (Id., citing *Reichert v. State ex rel. McCulloch*, 278 P.3d 455 (Mont. 2012); *Havre Daily News, LLC v. City of Havre*, 142 P.3d 864 (Mont. 2006)). Threatened future injury may satisfy the constitutional component.

(Id., citing cases). Accepting Collette's allegations that she was wrongfully discharged, received unemployment benefits following her discharge, and lost her career and sustained unmitigated lost wages since her termination, as true, demonstrates that the Court must apply Mont. Code Ann. § 39-2-905(2) and confront the constitutional issue in this case. (Id., pp. 15-16).

### 6. Court's Analysis – Count IV

Collette's challenge to the constitutionality of Mont. Code. Ann. § 39-2-905(2) fails to present a justiciable controversy. Given the contingent nature of the application of this statute to Collette's claim (or to any other person alleging a wrongful discharge claim), which include being able to prevail on a WDEA claim, being able to prove recoverable lost wages, and having a court assess a damages award to which unemployment benefits would actually be applied, Collette's challenge does not constitute a facial challenge, but an "as applied challenge." The Court will dismiss this claim without prejudice.

### 7. Count I – Parties' Positions

Count I of Collette's Complaint alleges that beginning in May 2024, she was subjected to numerous false misconduct allegations, among others, which eventually resulted in the termination of her employment without good cause and without Savista following its written personnel policies, depriving her of a fair and reasonable opportunity to maintain her employment. (Doc. 12-1, p. 4 referencing ¶¶ 14-27 of Collette's Complaint).

Savista contends that Collette cannot recover under the WDEA unless and until her

MHRA claims fails. Therefore, because her MHRA claims are currently pending, Count I should be stayed pending final resolution of Collette's MHRA contested case. (Id., p. 14).

Collette contends that the case should not be stayed because this case and the Human Rights case may proceed on parallel tracks without any undue burden or prejudice. (Doc. 16, p. 16). Since the Human Rights contested case hearing is set for February 9-11, 2027, and not all parties have been served in this case and there is no scheduling order in this case, there is no risk this case will be tried before the Human Rights case and thus there is no reason to stay this action. (Id, pp. 16-17).

Savista argues that having the MHRA proceeding and this action proceed on parallel tracts as suggested by Collette could cause federal discovery on a potentially obsolete WDEA claim and would waste resources that may prove entirely unnecessary. (Id., p. 13). The balance of interests favors a concrete limited stay. (Id.).

**8. Court's Analysis – Count I**

The Court determines that the WDEA claim should be stayed pending the outcome of the HRB proceeding. This limited stay would avoid unnecessary parallel litigation and would allow the Court to determine whether this claim remains viable.

**B. Motion to Remand**

**1. Parties Arguments**

Collette contends that there is no federal court diversity of citizenship as the State of Montana (State) and AG Knutson are not diverse from her. (Docs. 14 and 15). Collette argues that the State has a substantial stake in the outcome of this case because the

constitutionality of one of its statutes remains at risk, not just as applied to this case, but on its face as well. (Doc. 15, p. 7). Collette further contends that the damages in her wrongful discharge case cannot be resolved unless and until her declaratory judgment claim is resolved. (Id.).

Savista argues that this case is materially indistinguishable from *Reinhardt v. Montana Human Rights Bureau*, 2010. WL 5391280 (D. Mont. 2010). (Doc. 19, p. 2). In *Reinhardt*, the court held that state actors were nominal parties for diversity purposes because "the essential nature of the proceeding is an employment claim made by a private citizen of Montana against an out-of-state corporation" and the "the State actors are neutral parties that stand to win or lose nothing." *Id*. at *3.

Savista further argues that should the Court determine the State of Montana and Knudsen are real parties in interest, they are dispensable parties who may be dropped under Fed. R. Civ. P. 21. (Id., pp. 11-13). Savista argues that Fed. R. Civ. P. 5.1 provides a procedure when a statute's constitutionality is challenged, requiring the AG to be noticed and permits the AG to intervene as a matter of right. (Id., p. 18). This rule undermines Collette's position that the State and AG must remain parties as these Defendants do not need to be named as parties for the constitutional issue to be adjudicated. (Id).

Collette counters that Savista cannot raise an argument that it failed to present in its Notice of Removal. (Doc. 21, p. 3.) A defendant cannot rely on argument, including nominal party and joinder argument, if it fails to assert such defenses in its notice of removal. (Id., p. 4, citing cases).

**2. Court's Analysis**

The Court's determination regarding dismissal of Count IV informs its decision regarding Collette's Motion to Remand. Because the Court has determined Count IV should be dismissed, the State of Montana and AG Knutson are no longer parties. Therefore, diversity exists. The Court will dismiss Count IV without prejudice to allow Collette to raise the constitutional challenge if and when the offset becomes applicable to an award of damages.

Collette's argument that Savista cannot raise an argument that it failed to present in its Notice of Removal, including a nominal party and joinder argument, if it fails to assert such defenses in its Notice of Removal, does not change the result. Since Count IV is being dismissed at this time for failure to present a judiciable controversy, Collette's motion to remand based on lack of diversity fails on that basis and not on the basis that Savista failed to raise a nominal party and joinder argument in its notice of removal.

**C. Motion to Drop the State of Montana and Attorney General Austin Knudson as Parties Pursuant to Federal Rule of Civil Procedure 21**

**1. Parties' Positions**

Savista contends that Rule 21 authorizes this Court to drop dispensable parties "at any time on just terms." (Doc. 23, p. 3, citing *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 832 (1989)). Savista argues that the cases Collette relies upon for the rule that a removing defendant may not add a new basis for removal jurisdiction after the expiration of the statutory removal period does not address a motion asking the Court to alter a party's

composition under Rules 19 and 21. (Id., p. 6). Savista asks the Court to address the Rule 21 motion and Motion to Remand together to determine if dismissal of the Montana Defendants is permissible under those authorities. (Id.).

Savista asks the Court to first determine whether the State of Montana and Knudsen are required parties under Rule 19(a). (Id., p. 7). Savista argues that these defendants are not required parties as the Court can accord complete relief among the remaining parties; dismissal will not prevent these defendants from protecting its asserted interest in the constitutionality of Mont. Code Ann. § 39-2-905(2) because Rule 5.1 affords an opportunity for the State to participate in defending its statute; and dismissal will not create a substantial risk than any remaining party will incur, double, multiple or otherwise inconsistent obligations. (Id., p. 8).

Collette again argues that Savista raised a dispensable, nominal party theory for the first time in response to her Motion to Remand. (Doc. 25. p. 5). After Collette demonstrated that Savista cannot rely on any new arguments, Savista then filed its Rule 21 Motion to try to save its position. (Id.). Collette further contends that the Montana Defendants remain proper parties and remain indispensable parties to prevent the potential for inconsistent judgements. (Id., p. 10). Collette relies upon *Hain Celestial Group, Inc. v. Palmquist,* 607 U.S. 421, 432 (2026) to argue that defendants may not use Rule 21 to manufacture federal subject matter jurisdiction. (Id., p. 10). Based upon the principle that plaintiffs are the masters of their complaint and remain in control of the forum of the suit, a defendant cannot use Rule 21 to dismiss another properly joined non-diverse defendant

to preserve jurisdiction because such use would prejudice the plaintiffs' right to control the forum. Id. at 433.

Savista counters that its Rule 21 motion presents two related questions: whether the Montana Defendants are required under Rule 19 and if not, whether dropping them would prejudice Collete under *Hain Celestial*. (Doc. 26, , p. 2). Savista contends that *Hain Celestial* reaffirmed that courts may use Rule 21 "to dismiss a dispensable non-diverse party" after carefully considering prejudice. (Id, citing *Hain Celestial* at 432). Savista contends that Collette's focus under Rule 20, as to whether the state defendants were permissibly joined is not the issue. (Id., p. 3). Rule 20 asks whether parties may be joined, but Rules 19 and 21 ask whether they must remain. (Id.). In this matter, Montana's governmental interest does not require its continued presence to adjudicate Collette's requested relief. (Id., p. 5).

Savista argues it is not asking the Court to retroactively deem the original removal proper. Rather, it is asking whether the Montana Defendants may be dropped under Rule 19 and Rule 21, which authorize a court "at any time on just terms," to drop a party, and dismissal of a dispensable nondiverse party is allowed as a permissible jurisdictional cure. (Id., p.11, citing *Hain-Celestial*).

**2. Court's Analysis**

Dismissal of Count IV renders this motion moot. However, the Court further determines that Fed. R. Civ. P. 5.1 provides the procedure for these parties to defend the

constitutionality of Mont. Code. Ann. § 39-2-905(2) without being named as parties.

## IV. CONCLUSION

Based upon the above, IT IS ORDERED:

**A. Savista's Motion to Dismiss and Stay Surviving Claims** (Doc. 12):

1. Count I, Collette's WDEA claim, is **STAYED** pending resolution of the contested case hearing scheduled before the Montana Human Rights Commission for February 9-11, 2027.

2. Regarding Count II, Collette's intentional infliction of emotional distress claim, the Court will **DEFER** ruling on the allegations related to Savista's conduct at the unemployment insurance hearing (¶ 52 of Complaint) pending discovery. Savista may file a motion for summary judgment on this portion of Collette's intentional infliction of emotional distress claim if the facts obtained through discovery determine the absolute privilege set forth in Mont. Code Ann. § 27-1-804(2) prevents Collette from proving this claim.

Regarding Collette's intentional infliction of emotional distress allegations set forth in ¶ 67 of her Complaint, the Court finds that this stage of the proceedings, Collette has made a plausible claim for relief. Therefore, Savista's motion to dismiss this portion of Collette's intentional infliction of emotional distress claim set forth as Count II is **DENIED**.

3. Savista's motion to dismiss Count III, Collette's negligent

misrepresentation/fraud claim is **GRANTED.**

4. Savista's motion to dismiss Count IV, which requests the Court to declare Mont. Code Ann. § 39-2-905 (2) unconstitutional, is **GRANTED**. This claim shall be DISMISSED WITHOUT PREJUDICE for failure to present a justiciable controversy.

**B. Motion to Remand:**

Based upon dismissal of Count IV, Collette's Motion to Remand (Doc. 14) is **DENIED.**

**C. Motion to Drop Defendants' State of Montana and Attorney General Austin Knutson as parties pursuant to Mont. R. Civ. P. 21:**

Based upon dismissal of Count IV, Savista's Motion to Drop Defendants' State of Montana and Attorney General Austin Knutson as parties pursuant to Mont. R. Civ. P. 21 (Doc. 22) is **DENIED AS MOOT**.

DATED this 2nd day of November 2026.

John Johnston
United States Magistrate Judge